PAUL SINACORE
9441 Reverie Road
Tujunga, CA 91042
(626) 298-3518
paulsinacorecastingla@gmail.com

PAUL SINACORE, IN PRO PER

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL SINACORE<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>PATRICIA ROBINSON, individually;<br>BLUE BRAIN PRODUCTIONS, LLC<br><br>　　　　　Defendants. | Case No. **2:25-cv-03251-MRA-PVCx**<br><br>**DISCOVERY MATTER**<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Referred to: Hon. Pedro V. Castillo,<br>U.S. Magistrate Judge<br><br>Assigned to: Hon. Monica Ramírez Almadani,<br>U.S. District Judge |

1. **INTRODUCTION**

   1.1 PURPOSES AND LIMITATIONS

   Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends

only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

### 1.2 GOOD CAUSE STATEMENT

Good cause exists for entry of this Order. This case involves disputes regarding authorship/ownership and related relief concerning a motion picture project. The Court has ordered production of bank-statement PDFs, in the normal course, for March–June 2024 for accounts of Defendant Patricia Robinson and Defendant Blue Brain Productions LLC. Those materials necessarily contain sensitive personal and financial information (e.g., account identifiers, running balances, transaction details) that are irrelevant to the merits beyond their limited use to trace alleged funding flows and timing. Public disclosure of such information risks identity theft, misuse of financial data, and unnecessary invasion of personal privacy. A narrowly tailored protective order will facilitate prompt production for use in this litigation while protecting legitimate privacy interests and ensuring that any use of the materials remains limited to this case.

## 2. DEFINITIONS

2.1 Action: means Sinacore v. Robinson, No. 2:25-cv-03251-MRA-PVC (C.D. Cal.), including any appeals and post-judgment or enforcement proceedings in that case, and no other action.

2.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "<u>CONFIDENTIAL</u>" <u>Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement. Designations under this Order are single-tier—i.e., 'CONFIDENTIAL' only; there is no 'Highly Confidential/AEO' tier in this Order. [Note: any request for a two-tiered, attorney-eyes-only protective order that designates certain material as "Highly Confidential" will require a separate and detailed showing of need.]

2.4 <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or

presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial will be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

4.1 Redactions (Bank Statements). Redactions shall be minimal and limited to FRCP 5.2(a) categories (e.g., social-security numbers; account numbers to last-four; dates of birth; minors' names; home addresses to city/state). To permit transaction tracing, the following fields must remain visible on bank-statement PDFs: dates, amounts, payee/description text, and running balances. If a specific line reflects truly sensitive personal information, the Producing Party shall narrowly mask only the sensitive field (leaving date and amount visible) and provide a brief redaction log (month, page, line/descriptor, basis).

5. **DESIGNATING PROTECTED MATERIAL**

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under

this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. If it comes to a Designating Party's attention that information or items it designated do not qualify, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

(a) Documentary information: the Producing Party must affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion of the material on a page qualifies, the Producing Party must clearly identify the protected portion(s).

(b) Testimony: the Designating Party may identify protected testimony on the record before the close of the deposition.

(c) Other tangible items: the Producing Party must affix in a prominent place on the exterior of the container(s) the legend "CONFIDENTIAL." If only a portion warrants protection, the Producing Party will identify the protected portion(s) to the extent practicable.

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the

Designating Party's right to secure protection. Upon timely correction, the Receiving Party must make reasonable efforts to assure the material is treated in accordance with this Order.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

   6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation at any time consistent with the Court's Scheduling Order.

   6.2 <u>Meet and Confer</u>. The Challenging Party will initiate the dispute-resolution process (and, if necessary, file a discovery motion) under Local Rule 37-1 et seq.

   6.3 <u>Burden of Persuasion</u>. The burden of persuasion in any such challenge proceeding will be on the Designating Party. Unless and until the Court rules, all parties will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

   7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Protected Material must be stored and maintained at a location and in a secure manner that ensures access is limited to persons authorized under this Order.

   7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record, and employees of said counsel to whom disclosure is reasonably necessary;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary;

(c) Experts of the Receiving Party to whom disclosure is reasonably necessary and who have signed Exhibit A;

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary and who have signed Exhibit A;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during depositions, witnesses and their attorneys to whom disclosure is reasonably necessary, provided the deposing party requests that the witness sign Exhibit A; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or court order in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify the Designating Party in writing (including a copy of the subpoena or order);

(b) promptly notify in writing the party who caused the subpoena or order to issue that some or all of the material is subject to this Protective Order (including a copy of this Order); and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order will not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party will bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to

produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party will:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party will not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party will bear the burden and expense of seeking protection in this court of its Protected Material.

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify the Designating Party, (b)

use best efforts to retrieve all unauthorized copies, (c) inform the person(s) to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person(s) to execute Exhibit A.

11. **CLAWBACK—FED. R. EVID. 502(d) & INADVERTENT PRODUCTION**

    11.1 <u>502(d) Order.</u> Pursuant to Fed. R. Evid. 502(d), the inadvertent or mistaken production of privileged or work-product material does not waive any privilege or protection in this Action or any other federal or state proceeding. Upon written notice, recipients shall promptly return, sequester, or destroy the identified material and any derivative work-product pending resolution.

    11.2 <u>Rule 26(b)(5)(B)</u>. When a Producing Party gives notice that certain produced material is subject to a claim of privilege or protection, the obligations of the Receiving Parties are those set out in Fed. R. Civ. P. 26(b)(5)(B).

12. **MISCELLANEOUS**

    12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

    12.3 <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material

may be filed under seal only pursuant to a court order authorizing the sealing of the specific material at issue. If a Party's request to file under seal is denied, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

### 13. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Respectfully submitted,

DATED: December 13, 2025

_____
PAUL SINACORE
Plaintiff, *In Pro Per*

DATED: December 13, 2025

BARKS PLLC
 /s/ **Justen S. Barks**
_____
JUSTEN S. BARKS
Attorney for Defendants

PATRICIA ROBINSON and
BLUE BRAIN PRODUCTIONS, LLC

Attestation re Signatures (L.R. 5-4.3.4(a)(2)(i)). I, Paul Sinacore, attest that all signatories listed on this stipulation, and on whose behalf the filing is submitted, concur in the filing's content and have authorized my use of their signatures. (Email authorization attached as Ex. B.)

Dated: December 13, 2025

Paul Sinacore, In Pro Per

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: December 15, 2025           _____

                                                          HON. PEDRO V. CASTILLO

                                                          United States Magistrate Judge

14

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [full name], of _____ [full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of _____ [insert case name and number]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [full name] of _____ [full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____